*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* DONALD, Minors.

UNPUBLISHED
February 28, 2019

No.  342984
Eaton Circuit Court
Family Division
LC No.  17-019750-NA

Before:  CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent appeals from an order terminating her parental rights to her three minor children under MCL 712A.19b(3)(b), (g) and (j).  Respondent claims petitioner failed to provide reasonable efforts for reunification, and she challenges the trial court's decision as to the statutory grounds for termination and the children's best interests.  We affirm.

## I.  BACKGROUND

Respondent is the adoptive mother of the three children at issue in this case.  In October 2016, respondent married her husband, with whom she has had an on-off relationship with for 20 years, and the children resided with them.  The adoption was finalized in January 2017.  On May 3, 2017, the children were removed from the home after child protective services (CPS) substantiated a complaint that the youngest child had received a "whooping" because of his reported behavior at school.  On further investigation, the CPS worker observed severe injuries to the youngest child, as well as multiple marks and bruises in different stages of healing on all three children.  The home was also found to be unclean and littered throughout with garbage, cigarette butts, beer cans, and soiled laundry.  Initially, the petition sought temporary custody, and the trial court ordered reunification.  However, petitioner amended the petition after the pretrial hearing, seeking immediate termination of respondent's parental rights to the three children, citing physical abuse as the aggravating circumstance justifying termination.

At the adjudication, respondent did not contest jurisdiction.  The case proceeded to a termination hearing.  According to a detective who interviewed the children, the youngest child disclosed that respondent hit him with a belt on two occasions.  The child revealed to the detective various marks from the child's fingertips to his shoulders on both of his arms along with extensive bruising and strap marks on his back and legs.  According to a child abuse and

neglect investigator, the youngest child also disclosed that only respondent had hit him. The two older children, however, told investigators that respondent's husband hit the children with a belt and extension cord. The child abuse investigator also talked to the oldest child, who admitted that respondent hit her on the hands. Respondent testified that she struck the child on the back of the hands, but she did not cause the extensive injuries to the youngest child's arms, legs, and back. She claimed her husband caused those injuries.

At the close of the termination hearing, the trial court concluded that there were statutory grounds for termination based on child abuse and a failure to protect the children from child abuse. The trial court also concluded that it was in the children's best interest to terminate respondent's parental rights because they had a limited bond with respondent. The trial court noted that there was very little testimony of respondent giving the children love or affection, or indicating that there were emotional ties. The trial court concluded that respondent had a limited capacity to meet the children's basic needs and that the children were doing well in foster care. On appeal, respondent argues petitioner failed to order reasonable efforts to reunify respondent with the children. Further, she challenges the trial court's determination as to statutory grounds and best interests.

## II. STANDARD OF REVIEW

This Court reviews orders terminating parental rights for clear error. MCR 3.977(K), MCR 2.613(C); *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). We also review for clear error issues regarding reasonable efforts, *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005), and best interests, *In re JK*, 468 Mich 202, 209; 661 NW2d 216 (2003); MCR 3.977(K). To be clearly erroneous, a decision must be "more than just maybe or probably wrong." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). Clear error exists "if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004) (citation omitted).

## III. ANALYSIS

## A. REASONABLE EFFORTS

Preliminarily, respondent argues that petitioner failed to provide her with reunification services, even though they were ordered by the trial court. We disagree.

The law is well-established that the petitioner is required to make reasonable efforts to reunify a family before terminating parental rights unless aggravated circumstances are present such as severe physical abuse. MCL 712A.19a(2); MCL 722.638(1)(a)(*iii*). In this case, reunification services were not required because the goal was to terminate respondent's parental rights due to severe child abuse. See *In re Moss*, 301 Mich App 76, 91; 836 NW2d 182 (2013). Respondent takes the trial court's order for reasonable reunification services out of context. At the May 2017 preliminary hearing, the trial court ordered petitioner to provide reasonable reunification services because respondent had not yet had an opportunity to deny the physical abuse allegations. However, in June 2017, petitioner amended the child protection proceeding petition, which sought to immediately terminate respondent's parental rights for aggravated

circumstances pursuant to MCL 712A.19b(3)(b).  At the adjudication hearing, the trial court confirmed that reasonable reunification services would not be provided because the goal for the three children was to terminate respondent's parental rights.  Services were to be provided for respondent and her biological child, who was nearly 18 years old and had a strong bond with respondent, because the goal with respect to that child was reunification.  Thus, the trial court did not clearly err when it refused to order reasonable efforts for reunification.

## B.  STATUTORY GROUNDS

Respondent next argues that the trial court clearly erred in finding that statutory grounds for termination were proven by clear and convincing evidence.  We disagree.

Before terminating a respondent's parental rights, the trial court must make a finding that at least one of the statutory grounds under MCL 712A.19b(3) has been established by clear and convincing evidence.  *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).  In this case, the trial court relied on MCL 712A.19b(3)(b), (g) and (j), which provide for termination of parental rights for the following reasons:

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.
>
> (*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.
>
> * * *
>
> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[1]

---

[1] MCL 712A.19b(3)(g) has been amended, effective June 12, 2018.  See 2018 PA 58.  Under the version of the statute in effect at the time of these proceedings, termination is appropriate if "[t]he parent, *without regard to intent*, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."  MCL 712A.19b(3)(g) (emphasis added). Under the new version of the statute, termination is appropriate if "[t]he parent, *although, in the court's discretion, financially able to do so*, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and

* * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

With respect to termination of respondent's parental rights under MCL 712A.19b(3)(b), the salient facts are uncontroverted. The children were removed from respondent's care on May 3, 2017, after Child Protective Services substantiated a complaint that respondent had struck her youngest son with a belt after receiving a report that he had been misbehaving at school. Respondent admitted that she had hit the child with a belt on his hands and likely on his back. During a forensic interview, the child reiterated that respondent had struck him on his hands with a belt. According to Stephen Guertin, M.D., a pediatrician with more than 33 years of experience with the child abuse medical team at Sparrow Hospital, all three children had suffered severe physical abuse. At the adjudication trial, Dr. Guertin used photographs of the children's multiple injuries to show their various stages of healing. The youngest son had been previously struck with enough force to break his skin and draw blood. The evidence clearly showed that his injuries were not from an isolated event. The children had wide strap marks with looped bruises after being beaten with a whip, belt, or cord. One child had been whipped on his back at least seven times. The lawyer-guardian ad litem noted:

> My review of those pictures, I'm just – just a lawyer, but those are significant bruises that I would venture to say are the worst I've ever seen. And I've kind of seen a lot over the past 30-plus years. This doesn't appear as though it was a whack, a slap. It appears as though it was a beating.

The trial court properly concluded that the children had been abused and that the youngest son in particular "had been seriously and brutally beaten." Moreover, according to a psychologist who evaluated the children, they also suffered mentally from long-term physical abuse and neglect.

Respondent contends that termination was improper because her husband was the sole abuser and she, like the children, was a victim of his abuse. The facts and law do not support this claim. Two of the children unambiguously reported that respondent was the abuser. Respondent also admitted that she had "whooped" the youngest child on his hands with a belt and possibly on his back while he was moving about. Later in the proceedings, the children claimed that only respondent's husband had abused them. At the termination hearing, the psychologist explained that it was not unusual for children abused by both parents to point blame at one parent in order to protect the other out of fear that they will have no place to go. We cannot say the trial court erred when it gave more weight to the children's earlier statements that respondent was the perpetrator, because these children had previously experienced the trauma of being removed from another home because of neglect and/or abuse.

---

custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g) as amended by 2018 PA 58 (emphasis added).

Regardless of whether respondent was the perpetrator, the trial court did not clearly err in concluding that termination was warranted under MCL 712A.19b(3)(b)(*ii*), and this Court need only find that one statutory ground was established by clear and convincing evidence. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). The proofs showed that respondent knew that her husband was physically abusing the children and that she did nothing to stop him. At a minimum, respondent repeatedly failed to protect the children from severe physical abuse. The evidence supported the trial court's conclusion that respondent did not have enough parenting skills to protect the children from additional harm. There was a reasonable likelihood, even if respondent divorced her husband, that the children would suffer from injury or abuse in the foreseeable future from respondent's husband or another individual that respondent might allow into their lives.

The proofs, however, similarly showed that termination was proper under MCL 712A.19b(g) and (j). There was a considerable history of domestic violence and corporal punishment. Respondent lacked the capacity to provide the children with a safe home. In addition to domestic violence, a detective testified that the house was littered with cigarette butts and that dirty dishes and old food covered the kitchen counter. There were piles of soiled laundry and at least 15 prescription drug bottles in respondent's open purse. The two boys appeared to be sleeping on a bare box spring. Thus, the trial court did not clearly err in concluding that respondent was incapable of providing for the children's most basic needs and would be unable to do so within the foreseeable future.

## C. BEST INTERESTS

Respondent also argues the trial court clearly erred in finding that termination was in the children's best interests. We disagree.

The trial court may consider various factors when making its best interests determination, including the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability and finality, and the advantages of a foster home over the parent's home. *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). A trial court may consider evidence on the whole record in making its best-interest determination. *In re Trejo*, 462 Mich 341, 354-356; 612 NW2d 407 (2000). The trial court's findings need not be extensive; "[b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

The trial court appropriately considered the best interests of each child individually, as required under *In re Olive/Metts*, 297 Mich App at 41-42. Respondent claims that she had a strong bond with her children. She emphasized that the children missed her and had expressed their desires to be with her. The psychologist and her personal counselor had recommended that the children have supervised parenting time with respondent. These factors, respondent argues, weighed against terminating her parental rights. However, the trial court reasonably concluded that respondent's parent-child bond was limited. The record supports the trial court's conclusion that there was minimal testimony to show that respondent had given love, affection, and emotional support to the children. Moreover, respondent had done the minimum to provide the children with food, clean clothing, and a clean, safe, and nurturing home. Thus, there was no clear error in the trial court's best-interest determination.

Respondent argues that she should have been found capable of properly parenting her three younger children because the trial court allowed her eldest child to be returned to her custody and care. However, the eldest was nearly 18 years old and was not abused, and she was able to advocate for herself should she find herself in harm's way.

Respondent emphasizes that her husband would no longer be in her life. The record shows that they had a relationship for several years and were married shortly before her adoption of the children was finalized. She knew that he had been convicted of domestic violence against her within the previous seven years. She obtained a foster parent license without disclosing that he, with his criminal record that included domestic violence, assault, and felony stalking, was residing in her home and was disciplining the children. Respondent claimed that she was in the process of divorcing him, but she filed the paperwork in October 2017, after the termination petition was filed, and she continued to have contact with him. The trial court reasonably concluded that respondent would be unable to make her children's safety a priority over her relationship with her husband or another individual in the future. Also, there were advantages to having the children placed in their respective foster homes where they were adjusting well in a structured and safe environment, as reported by the LGAL. The children were emotionally and physically safe and were excelling at school. Terminating respondent's parental rights allowed the children to be in a safe, structured, and nurturing environment free from domestic violence. Thus, the trial court did not clearly err in finding by a preponderance of the evidence that terminating respondent's parental rights was in the children's best interests.

The trial court also considered and noted on the record that respondent's younger daughter had been placed with a relative when making its best interests determination. "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id*. at 43, citing *In re Mason*, 486 Mich at 163-165, and *In re Mays*, 490 Mich 993, 994; 807 NW2d 307 (2012). The trial court did not clearly err when it determined that the children's need for permanence and stability required a more permanent solution than guardianship. A trial court may order a guardianship in a child protection proceeding if it is in the child's best interests. *In re COH, ERH, JRG, & KBH*, 495 Mich 184, 208; 848 NW2d 107 (2014); MCL 712A.19c(2). While placement with relatives may weigh against termination, a trial court is not required to leave a child with relatives in lieu of terminating an unfit parent's rights. *In re Mason*, 486 Mich at 164; *In re IEM*, 233 Mich App 438, 453; 592 NW2d 751 (1999), overruled on other grounds by *In re Morris*, 491 Mich 81; 815 NW2d 62 (2012). After reviewing the record as a whole, we are not left with a definite and firm conviction that a mistake has been committed in terminating respondent's parental rights.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jane M. Beckering